UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALBERTHA WRAY,

               Plaintiff,

- against -

HEALTH AND HOSPITAL CORPORATION,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-3221 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Albertha Wray, proceeding pro se, brings this action against her former employer, Defendant Health & Hospital Corporation, alleging that she was removed from her employment without cause. (Compl. (Dkt. 2).) Plaintiff filed a request to proceed in forma pauperis ("IFP"). The court GRANTS Plaintiff's motion to appear IFP for purposes of this Order. However, for the following reasons, the court DISMISSES Plaintiff's Complaint for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action on May 19, 2017, in the Southern District of New York. (Compl.) Plaintiff alleges that her employment with Defendant was terminated on December 19, 2011, following an unsatisfactory evaluation. (Id. at 5.) Plaintiff asserts that she worked for Defendant for seven years prior to her dismissal and that her performance during that period was satisfactory. (Id.) She also states that she was an "active union member of . . . [the] Communications Workers Ass[ociation]." (Id.) According to Plaintiff, she has been unable to obtain other employment since Defendant terminated her, which she asserts resulted from a "block put against her name." (Id.) Plaintiff avers that her removal and subsequent unemployment have "caused [] economic hardship" and that her "situation is deteriorating." (Id.

1

at 5-6.)

In her Complaint, Plaintiff also describes an apparently separate incident, claiming that that she was "brought to the hospital against [her] will" in August 2015 and January 2016 and administered painkillers and blood thinning drugs. (Id. at 6.) It is unclear whether Plaintiff's allusion to the "hospital" refers to Defendant or another entity.[1]

## II. DISCUSSION

### A. Legal Standard

#### 1. *The Complaint*

Pursuant to 28 U.S.C. § 1915(a), the court may waive the filing fees normally required of a party upon finding a plaintiff indigent. However, that statute also requires the court to dismiss the case if, on review, it determines that the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." Id. § 1915(e)(2)(B)(i)-(iii).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain" statement of the basis for the court's jurisdiction and the claim, showing the pleading party's entitlement to relief, as well as a demand for the type of relief sought. Fed. R. Civ. P. 8(a). Under this requirement, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim

---

[1] The court notes that both of Plaintiff's allegations here appear to have been raised in prior cases before this court. In August 2014, Plaintiff filed a lawsuit against Defendant in which she raised substantially similar allegations regarding the termination of her employment. (Compl. (Dkt. 1), No. 14-CV-4955). The court dismissed that case for failure to pay the required filing fee or make a sufficient show of indigency to proceed IFP. (Order Dismissing Compl. (Dkt. 5), No. 14-CV-4955.) The court also noted at that time that Plaintiff did not allege facts supporting her claims, which at that time were based on the Age Discrimination in Employment Act. (Mem. & Order (Dkt. 4), No. 14-CV-4955.) Plaintiff then filed a second, separate lawsuit naming New York Methodist Hospital as defendant and alleging that she was brought to that hospital against her will. (Compl. (Dkt. 1), No. 16-CV-1618.) The court also dismissed this second action, this time based on lack of subject matter jurisdiction based on Plaintiff's failure to identify a plausible cause of action under the Constitution or any federal laws. (Order Dismissing Compl. (Dkt. 4), No. 16-CV-1618.)

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). At the pleadings stage of the proceeding, a court must assume the truth of "all nonconclusory factual allegations" contained in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 677).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Submissions by pro se litigants must be "interpreted to raise the strongest arguments that they suggest." Trestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

  2.   *Subject Matter Jurisdiction*

In addition to the considerations listed under the IFP statute, if the court "determines at any time that it lacks subject matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The primary statutory grants for federal subject matter jurisdiction are those contained in 28 U.S.C. § 1331, which provides for "federal question" jurisdiction, and 28 U.S.C. § 1332, which provides for jurisdiction based on "diversity of citizenship." A plaintiff properly invokes federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1331. She properly invokes diversity jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See id. § 1332(a); Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)).

3

## B. Application

The Complaint fails to allege any facts that would support federal jurisdiction and so it must be dismissed. The court notes at the outset that Plaintiff does not allege that the court has jurisdiction based on diversity of citizenship (See Compl. at 2), nor does she plead any facts indicating that diversity jurisdiction would be proper.[2] Accordingly, whether the court has subject matter jurisdiction over the Complaint hinges on whether Plaintiff has raised a claim that "arises under" federal law.

After review of the Complaint, the court is unable to identify any facts that would support a claim under federal law. Plaintiff does not cite any constitutional or statutory provision that she alleges Defendant to have violated. (See generally Compl.) Even construing the Complaint to "raise the strongest arguments that [it] suggest[s]," the court is unable to find a colorable claim that the actions complained of violated federal law. Plaintiff does not suggest that her termination was motivated by some discriminatory intent that might fall within the coverage of federal laws prohibiting employment discrimination. See, e.g., 29 U.S.C. § 623(a) (prohibiting employers from discharging an employee "because of [the] individual's age"); 42 U.S.C. § 2000e-2(a)(1) (prohibiting employers from terminating employment "because of an individual's race, color, religion, sex, or national origin"). Even if Plaintiff's allegations are viewed as tying her termination in some way to her status as a union member, they still would not give rise to a federal question. Beyond stating that she was in a union, Plaintiff does not

---

[2] Plaintiff lists both her own address and that of Defendant as being in New York, and she does not allege that Defendant resides in any state other than New York. If, as it appears, both parties are New York residents, then there is no diversity of citizenship between them. See, e.g., Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998) ("A case falls within the federal court's 'original' diversity' jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.").

4

allege that her removal violated her rights provided for by the Labor Management Relations Act or the union's collective bargaining agreement with Defendant (if any).

The same result applies to Plaintiff's claim that she was forcibly hospitalized. As with her prior action raising similar claims (see infra note 1), the court can only construe her allegations as raising a claim under 42 U.S.C. § 1983 and again finds that she fails to allege facts that go to the required element of state action. See Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("[A] litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (internal quotation marks and citation omitted)). In this instance, it is not even clear who Plaintiff alleges harmed her, and the court cannot infer state action in the absence of any guidance whatsoever.

Accordingly, as Plaintiff fails to raise a claim that gives rise to jurisdiction under either diversity or federal question, the court lacks subject matter jurisdiction over her Complaint and it must be dismissed. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Where jurisdiction is lacking, . . . dismissal is mandatory.").

## III. Conclusion

For the reasons set forth above, the court DISMISSES the Complaint, without prejudice, for lack of subject-matter jurisdiction. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 445-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 5, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5